MARK L. DUNN, Respondent, v. JAMES SHEWAN & SONS, INC., Appellant.

*Negligence — action to recover for injuries suffered when ladder rung broke — no evidence that ladder was manufactured or furnished by defendant — evidence does not show negligence.*

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office on January 22, 1926; upon the verdict of a jury for $1,750,

---

* See U. S. Crim. Code (35 U S. Stat. at Large, 1111), §§ 125, 126; now U. S. Code, tit. 18, §§ 231, 232; U. S. Crim. Code (35 U. S. Stat. at Large, 1152), § 335; now U. S. Code, tit. 18, § 541.— [REP.

† See, also, Judiciary Law, § 88, subd. 3.— [REP.

and also from an order entered January 21, 1926, denying a motion made upon the minutes for a new trial.

PER CURIAM. There is no evidence to warrant the jury's finding that the ladder which broke was manufactured or furnished by the defendant. Further, the only evidence that it was negligently manufactured is the rung itself. An inspection thereof does not justify the finding of negligence. This piece of wood is obviously split off from a larger piece. The claim that there was but one nail in one end of the rung is, therefore, speculative. It may well be that the second nail on the end in question was in a portion of the rung which had been split off while the ladder was in use. The judgment and order appealed from should be reversed on the law and the facts, with costs, and the complaint dismissed, with costs. Present.— Dowling, P. J., Finch, McAvoy, O'Malley and Proskauer, JJ. Judgment and order reversed, with costs, and complaint dismissed, with costs.